IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERESA FLEMING, DAVID DOYLE,
and PAULA PAPPONI,

            Plaintiffs,

V.                                         Case No. 13-CV-222 WJ/RHS

EDDIE GUTIERREZ, in his individual
capacity; SALLY PADILLA, in her
individual capacity; EILEEN GARBAGNI,
in her official capacity; MAGGIE
TOULOUSE OLIVER, in her official
capacity; DIANA DURAN, in her official
capacity; and SANDOVAL COUNTY
BOARD OF COMMISSIONERS,

            Defendants.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO NAME INDISPENSABLE PARTIES, OR IN THE ALTERNATIVE, MOTION TO REQUIRE PLAINTIFFS TO JOIN NECESSARY AND INDISPENSABLE PARTIES**

THIS MATTER comes before the Court on Defendants Eddie Gutierrez, Sally Padilla, Eileen Garbagni, and Maggie Toulouse Oliver's Motion to Dismiss for Failure to Name Indispensable Parties, or in the Alternative, Motion to Require Plaintiffs to Join Necessary and Indispensable Parties **(doc. 16)**, filed May 24, 2013.  The Court finds that Defendant's motion is not well taken and shall be **DENIED**.

BACKGROUND

Problems administering the 2012 general election in the City of Rio Rancho, Sandoval County, New Mexico, led to long lines and delays in voting on Election Day, with some wait times exceeding five hours.  Plaintiffs David Doyle and Paula Papponi, Sandoval County residents, were candidates for State Senate, District 9 and Sandoval County Clerk respectively,

but they were not elected.[1]  Plaintiff Teresa Fleming, also a Sandoval County resident, suffers from a chronic health condition that precluded her from waiting in line for hours, and was consequently unable to vote in the general election for any of her chosen candidates, including Doyle and Papponi.  Plaintiffs allege that the County's failure to provide sufficient voting machines constituted voter suppression, and that because the majority of Rio Rancho's voting population is Republican, the result was a reduction of net votes for Republican candidates in Sandoval county, leading to Doyle's and Papponi's defeats.  They have filed claims alleging violations of their rights to equal protection and due process under the Federal Constitution and free and open elections under the New Mexico constitution, and seek a variety of injunctive and declaratory relief.  Individual defendants are officials involved with the elections process in Sandoval County: Eddie Gutierrez is Director of the Sandoval County Bureau of Elections; Sally Padilla is the former Sandoval County Clerk; Eileen Garbagni is the current Sandoval County Clerk; Maggie Toulouse Oliver is the Bernalillo County Clerk; and Dianna Duran is Secretary of State.

Defendants have filed this motion to dismiss for failure to join necessary parties

## LEGAL STANDARD

Rule 19 of the Federal Rules of Civil Procedure, titled "Required Joinder of Parties,"[2] provides, in relevant part:

(a)(1) . . .  [A] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

>   (A) in that person's absence, the court cannot accord complete relief among existing parties; or

---

[1] Lawrence McClain, an unsuccessful candidate for Sandoval County Probate Judge, was originally a plaintiff to this suit, but has since withdrawn from the litigation.

[2] Prior to the 2007 amendments to the Federal Rules of Civil Procedure, the rule referred to "necessary" parties rather than "required" parties.  Here, because the motion at issue and older case law both use the term "necessary," the Court uses "necessary" and "required" interchangeably.

2

>(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>>(i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>>(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. . . .
>
>(b). . . . If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.

To find indispensability under Fed.R.Civ.P. 19(b), the Court must undertake three steps. *See N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1278 (10th Cir. 2012). First, the Court must determine whether a prospective party is "required to be joined" under Rule 19(a). Second, the Court must find that the required party cannot feasibly be joined. Finally, the Court must determine, under Rule 19(b), whether the required-but-not-feasibly-joined party is so important to the action that the action cannot "in equity and good conscience" proceed in that person's absence. Fed.R.Civ.P. 19(b). If that is the case, then the action should be dismissed. *Id.*

## DISCUSSION

Defendants contend that Plaintiffs' suit must be dismissed because they have failed to join necessary parties, or, in the alternative, that this Court should order Plaintiffs to join the following necessary and indispensable parties.

I.  **New Mexico Secretary of State and Sandoval County Board of County Commissioners**

First, Defendants identify the New Mexico Secretary of State and Sandoval County Board of County Commissioners as necessary parties to this litigation, given their various responsibilities in providing voting machines for elections. Plaintiffs agree, and have amended

their complaint to add these parties.  Doc. 31.  Accordingly, this argument is moot and the Court does not address it further.

## II.     Secretary of the New Mexico Department of Finance and Administration and New Mexico Board of Finance

Defendants next argue that the Secretary of the New Mexico Department of Finance and Administration ("DFA") and the New Mexico Board of Finance ("BOF") are both necessary parties for essentially the same reason: that because they may be responsible for funding any additional voting machines required to remedy the deficiencies of the 2012 general election, they are required to afford complete relief among the parties and to avoid inconsistent obligations.

A court is able to afford complete relief when a party's absence "does not prevent the plaintiffs from receiving their requested . . . relief."  *Sac and Fox Nation of Missouri v. Norton*, 240 F.3d 1250, 1258 (10th Cir. 2001).  Joinder is required only "'when nonjoinder precludes the court from effecting relief not in some overall sense, but between *extant parties*.'"  *Begay v. Pub. Serv. Co. of N.M.*, 710 F. Supp.2d 1161, 1182-83 (D.N.M. 2010) (quoting 4 J. Moore & R. Freer, *Moore's Federal Practice* § 19.03[2][b] (3d ed. 2009)(emphasis in original)).  "Properly interpreted, the Rule is not invoked simply because some absentee may cause future litigation. . . .  The fact that the absentee might later frustrate the outcome of the litigation does not by itself make the absentee necessary for complete relief."  *Id.*

New Mexico law regarding the provision of voting machines requires the BOF to authorize a board of county commissioners' acquisition of new or previously owned voting systems, and the cost to be paid out of the voting system revolving fund.  NMSA § 1-9-7 (1978).  The DFA is charged with signing vouchers authorizing expenditures of the voting system revolving fund.  NMSA § 1-9-19 (1798).  However, these statutes do not transform the DFA and BOF into required parties in the current suit because their absence does not preclude the court

4

from effecting relief between the extant parties. Although the BOF and DFA could "frustrate the outcome of the litigation" in future by failing to authorize additional machines or expenditures from the voting system revolving fund, the injunctive relief that Plaintiffs seeks involves only Sandoval County election officials.

Defendants argue that because Plaintiffs seek injunctive relief requiring a specific number of both voting convenience centers and printers in those centers, a remedial order by this Court granting such relief would require "the provision of additional machines not reshuffling of the current ones." Doc. 23 at 3 (citing affidavit by Eddie Gutierrez, director of the bureau of elections for Sandoval County). Because the provision of additional machines would require the approval of the DFA and BOF, Defendants contend, they are necessary parties. However, Defendants' own briefing recognizes a variety of other sources from which such funding may be available. *See* Doc. 23 at 2 ("It is precisely because of the existence of other potential funding sources that DFA and BOF are necessary parties . . .").[3] Accordingly, affording complete relief among extant parties does not require joining the DFA and BOF.

Defendants also allege that omitting the Secretary and BOF will lead to "inconsistent obligations" because "in their absence each of the other [potential funding] sources could be expected to point at them as the repository of all liability." *Id.* However, this argument misconstrues "inconsistent obligations" under Rule 19(a)(1)(B)(ii). This clause "compels joinder of an absentee to avoid inconsistent *obligations*, and not to avoid inconsistent adjudications. It is not triggered by the possibility of a subsequent adjudication that may result in a judgment that is

---

[3] In particular, materials attached in support of Defendants' motion suggest that funds for voting machines could also be acquired from the Legislature. *See, e.g.*, Doc. 16-3 at 9 (describing Secretary of State Duran as saying that "she wished she had that magic ball last September to know what was needed because she would have gone then to the legislature to get adequate funds for the election").

inconsistent as a matter of logic." 4 Moore's *Federal Practice* § 19.03[4][d] (emphasis in original). As the First Circuit has held:

> "Inconsistent obligations" are not . . . the same as inconsistent adjudications or results. Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum. Unlike a risk of inconsistent obligations, a risk that a defendant who has successfully defended against a party may be found liable to another party in a subsequent action arising from the same incident -- i.e., a risk of inconsistent adjudications or results -- does not necessitate joinder of all of the parties into one action pursuant to Fed.R.Civ.P. 19(a).

*Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998) (citations omitted). Consistent with the First Circuit's reasoning, the Tenth Circuit has noted that, as a hypothetical example, inconsistent obligations would exist if a federal district court ordered a defendant to transfer stock to a plaintiff, while a state court ordered the same defendant to transfer the same stock to a different party not involved in the federal litigation. *See Salt Lake Tribune Pub. Co., LLC v. AT & T Corp.*, 320 F.3d 1081, 1098 (10th Cir. 2003).

Here, the risk Defendants have identified is of inconsistent adjudications, not obligations. To entertain hypotheticals, the risk is that this Court will order additional voting convenience centers, the DFA and BOF will refuse to fund them, and future litigation will determine that the DFA and BOF are not required to do so. However, because the parties have acknowledged additional sources for funding voting machines, this scenario, while obviously unwelcome to Defendants, would not create inconsistent obligations and therefore does not render the DFA and BOF required parties. Further, the scenario depends too heavily on speculation. *See Sac and Fox Nation of Missouri v. Norton*, 240 F.3d 1250, 1259 (10th Cir. 2001) ("The key is whether

the possibility of being subject to multiple obligations is real; an unsubstantiated or speculative risk will not satisfy the Rule 19(a) criteria.").

Accordingly, the Court finds that the DFA and BOF are not required parties. Therefore, it need not determine whether joinder is feasible or whether the DFA and BOF are indispensable.

## III.    The Elected Candidates

Defendants also assert that John Sapien, who defeated Plaintiff Doyle in the election for State Senate District 9, and Eileen Garbagni,[4] who defeated Plaintiff Papponi in the election for Sandoval County Clerk, are necessary and indispensable parties because any declaration that the 2012 disputed elections were null and void "would fundamentally affect the successful candidates for the . . . offices in question." Doc. 16 at 8. However, "fundamentally affect" is not the standard under Rule 19, and the Court finds that the elected candidates are not necessary and indispensable.

Here, the elected candidates do not have an interest relating to the action as required by Fed.R.Civ.P. 19(a)(1)(B). The New Mexico Supreme Court has established that elected candidates do not have a property interest in their elected positions. *See Montoya v. McManus*, 68 N.M. 381, 385, 362 P.2d 771, 774 (1961) ("The right to hold office is not a property right nor is it a vested one."). Rather, "[w]hen a person is inducted into an office he thereby becomes empowered to exercise its powers and perform its duties, not for his but for the public benefit." *State ex rel. Ulrick v. Sanchez*, 32 N.M. 265, 255 P. 1077, 1082 (1926). Thus, the elected officials have no personal interest to claim in the action.

Further, even if the elected officials can be said to have an interest in this action, that interest will not be impaired by this suit. "'[T]he fact that the absent person may be bound by the

---

[4] Plaintiffs' complaint names Eileen Garbagni in her official capacity, as sitting Sandoval County Clerk. Defendants seek to join her in her individual capacity. Thus, when Section II refers to joining Garbagni, the Court means in her individual capacity.

7

judgment does not of itself require his joinder if his interests are fully represented by parties present.'" *Sac and Fox Nation*, 240 F.3d at 1259 (quoting 3A James Moore, *Moore's Federal Practice* ¶ 19.07 (2d ed. 1995)). Here, the elected officials' interest is identical to Defendants' interest—defending the constitutionality of the 2012 election. Defendants argue that because only one of Plaintiffs' requested six forms of injunctive relief applies to a new election, Defendants "may well decide that defense as to the re-vote is not a priority in the face of potentially greater future obligations associated with Plaintiffs' more numerous requests for future elections procedures." Doc. 23 at 5. However, a re-vote would be necessary only for the same reason the additional future election procedures would be necessary: if this Court concludes that the original election was conducted unconstitutionally. To defend against one is to defend against the other. Should this Court ultimately find that the election was unconstitutional, Sapien and Garbagni can have no interest in defending an unconstitutionally elected position and therefore can offer no arguments beyond those offered to defend its constitutionality. For instance, they cannot argue that if the election was unconstitutional, they are nonetheless entitled to keep their positions or that a new election should not be held. Thus, resolving the issue without joining Sapien or Garbagni in her personal capacity would neither impair nor impede their ability to protect their interests. Nor have Defendants shown that failing to join Sapien or Garbagni would leave any existing party subject to multiple or inconsistent obligations. *See Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (10th Cir. 1990) ("The moving party has the burden of persuasion in arguing for dismissal.")

      Accordingly, the Court finds that Sapien and Garbagni in her individual capacity are not required parties, and need not address the feasibility of joinder or whether they are indispensable.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendants' Motion to Dismiss for Failure to Name Indispensable Parties or, in the Alternative, to Require Plaintiffs to Join Necessary and Indispensable Parties (**Doc. 16**).

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE