IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERESA FLEMING, DAVID DOYLE,
and PAULA PAPPONI,

         **Plaintiffs,**

V.                                          Case No. 13-CV-222 WJ/RHS

EDDIE GUTIERREZ, in his individual
capacity; SALLY PADILLA, in her
individual capacity; EILEEN GARBAGNI,
in her official capacity; MAGGIE
TOULOUSE OLIVER, in her official
capacity; DIANA DURAN, in her official
capacity; and SANDOVAL COUNTY
BOARD OF COMMISSIONERS,

         **Defendants.**

## MEMORANDUM OPINION AND ORDER DENYING
## COUNTY DEFENDANTS' MOTION FOR CLARIFICATION

**THIS MATTER** comes before the Court upon Defendants', Eddie Gutierrez, Sally Padilla, Eileen Garbagni, and Sandoval County Board of Commissioners (*hereinafter* collectively referred to as "County Defendants) Motion for Clarification, filed September 12, 2013 (**Doc. No. 48**). Having considered the parties' briefs, the arguments presented at the hearing conducted on October 22, 2013, and the applicable law, the Court finds that Defendants' motion is not well-taken and, therefore, is DENIED.

### Background

This case arises out of problems administering the 2012 general election in Rio Rancho, New Mexico, which led to long lines and delays in voting on Election Day, with some wait times

exceeding five hours.[1]  The instant Motion asks the Court to clarify its previous ruling on Defendants' Motion to Dismiss, filed May 24, 2013 **(Doc. No. 16)**.  The Court's previous decision is set it forth in its MOO denying the Motion to Dismiss.  **(Doc. No. 44)**.

As a preliminary matter, although County Defendants' Motion is styled as a motion for clarification, it really seeks to have this Court reconsider its previously ruling.  See Michaelson v. Equitable Life Assur. Soc. of U.S., CIV. A. 89-2269-O, 1991 WL 75749 (D. Kan. Apr. 22, 1991) (considering a motion for clarification and noting, "[i]n spite of this designation, [Defendant] clearly seeks a *reconsideration* of the court's order.") (emphasis in original).  County Defendants' Motion does not specifically state the points it wishes the Court to clarify.  Instead, County Defendants reargue the same material they presented regarding their Motion to Dismiss.  County Defendants attempt to argue in their Reply that the practical effect of the ruling is what needs clarification.  However, County Defendants' argument is simply another way of re-urging the points already made in the Motion to Dismiss.  Accordingly this Court will treat County Defendants' Motion as a motion to reconsider.  See B–S Steel of Kansas, Inc., v. Texas Indus. Inc., 327 F.Supp.2d 1252, 126 (D.Kan.2004) (construing Plaintiff's motion for clarification as a motion to reconsider); Ice Corp. v. Hamilton Sundstrand Corp., 05-4135-JAR, 2007 WL 1791131 (D. Kan. June 18, 2007) ("While defendants have titled the present motion a Motion for Clarification, defendants do not ask the court to clarify its previous order. Rather, the present motion asks the court to contradict its previous order … As a result, the court will construe the present motion as one for reconsideration.").

---

[1] This Court has previously set out the relevant background facts in detail in its Memorandum Opinion and Order ("MOO") Denying Defendants' Motion to Dismiss for Failure to Name Indispensable Parties, or in the Alternative, Motion to Require Plaintiffs to Join Necessary and Indispensable Parties ("Motion to Dismiss") filed August 21, 2013 **(Doc. No. 44)**.

**Discussion**

## I.   Legal Standard

A motion for reconsideration is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  Id.  A motion for reconsideration "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994).  In other words, such motions are not appropriate if the movant's only purpose is to have the reviewing court revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.  See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

## II.   County Defendants Have Not Demonstrated Sufficient Grounds for This Court to Reconsider its Previous Ruling on Joinder

County Defendants' Motion focuses specifically on this Court's ruling that the New Mexico Board of Finance ("BOF") was not a necessary party required to be joined under Fed. R. Civ. P. 19.  In its previous MOO, this Court determined that although the BOF was responsible for authorizing the purchase of additional voting machines, the BOF was not required to be joined in order to provide relief to the extant parties.  See **(Doc. No. 44)**, pp. 4-5.  In making this determination, this Court considered NMSA 1978 § 1-9-7 which governs the provision of voting machines.  The Court further noted that although the BOF is the entity that generally provides funding, Defendants' own briefing noted that there were other sources of funding for the voting

machines beyond the BOF[2]. <u>See id.</u>, at p. 5.

County Defendants' motion cites to NMSA 1978 § 1-9-7 and reiterates the point that the BOF must approve any statutory spending for the purchase of voting machines. The motion also points out that the Court could rule that Defendants are required to provide additional voting machines for the Rio Rancho convenience centers. Defendants argue that because the BOF controls statutory financing for voting machines, if the Court were to order that Defendants were required to purchase more voting machines, Defendants would be "unable to legally or practically comply with such an order." <u>See</u> **(Doc. No. 48)**, at p. 2. This is the same argument based upon the same law that this Court addressed in its previous MOO. In addition to the points made in the MOO denying the Motion to Dismiss that have been previously discussed, this Court also notes that government entities often face budgetary concerns in light of lawsuits. There is nothing that prevents the BOF from authorizing the funds for additional machines should this Court order County Defendants to purchase additional voting machines. County Defendants' argument assumes that that the BOF would deny a request for additional machines. This makes the "need" to join the BOF all the more speculative. Here, there has been no change in the factual circumstances or law nor was there a clear error or manifest injustice. Defendants' "only purpose [in filing the present motion] is to have [this] court revisit issues already addressed." <u>See</u> <u>Van Skiver</u>, 952 F.2d at 1243. Accordingly, this Court holds that Defendants' Motion for Clarification is denied.

### III.  Plaintiffs' Request for Attorney's Fees Will be Denied

In their Response, Plaintiffs assert Defendants should be sanctioned for filing a "groundless" motion. Defendants assert that they filed the motion in good faith, sincerely

---

[2] County Defendants stated at the hearing on this matter that the additional funding outside of the Bureau of Finance referred to in the briefing for the Motion to Dismiss is minimal if not nonexistent. County Defendants pointed to that issue as the main reason for their Motion for Clarification.

seeking a clarification of the Court's previous ruling.  The Court notes that the motion would have been more properly characterized as a motion to reconsider.  However, this Court cannot find Defendants' behavior is so egregious so as to warrant sanctions.  "A court has the inherent authority to assess attorney fees against a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  Dreiling v. Peugeot Motors of Am., Inc., 768 F.2d 1159, 1164 (10th Cir. 1985).  "Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record."  In re Martin, 229 F.3d 1164 (10th Cir. 2000) (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980)).  This Court does not find that sanctions are warranted in this instance.

**THEREFORE, IT IS ORDERED**, that County Defendants' Motion for Clarification **(Doc. No. 48)** is **DENIED**, and Plaintiffs' request for attorneys' fees is **DENIED.**

_____
UNITED STATES DISTRICT JUDGE