IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERESA FLEMING, DAVID DOYLE,
and PAULA PAPPONI,

            Plaintiffs,

v.                                                          No. 13-CV-222 WJ/RHS

EDDIE GUTIERREZ, in his individual
capacity; SALLY PADILLA, in her
individual capacity; EILEEN GARBAGNI,
in her official capacity; MAGGIE
TOULOUSE OLIVER, in her official
capacity; DIANA DURAN, in her official
capacity; and SANDOVAL COUNTY
BOARD OF COMMISSIONERS,

            Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
## and
## DISMISSING DEFENDANT MAGGIE TOULOUSE OLIVER

**THIS MATTER** comes before the Court upon Defendant Maggie Toulouse Oliver's Motion to Dismiss Without Prejudice filed February 7, 2014 (**Doc. No. 66**), and Plaintiffs' Motion for Leave to File Second Amended Complaint, filed April 11, 2014 (**Doc. No. 73**). Having reviewed the parties' briefs and the applicable law, the Court finds that both motions are well-taken, and therefore, are GRANTED.

### Background

This case arises out of problems administering the 2012 general election in Rio Rancho, New Mexico, which led to long lines and delays in voting on Election Day, with some wait times

exceeding five hours.[1]  Plaintiffs seek to amend their Complaint for a second time.  The proposed Second Amended Complaint, attached to Plaintiff's motion, removes Defendant Toulouse Oliver as a party, eliminates the factual allegations and the portion of the claims for injunctive and declaratory relief pertaining to the request for a new election, makes minor changes to clean up allegations in light of these changes, and removes language regarding Plaintiff Fleming's health.  Defendants Diana Duran and Toulouse Oliver do not oppose Plaintiffs' Motion to Amend.  Sandoval County Defendants (Eddie Gutierrez, Sally Padilla, Elaine Garbagni, and the Sandoval County Board of Commissioners) oppose the Motion to Amend on the grounds that they allege it is futile and untimely. In addition, Defendant Toulouse Oliver has moved for dismissal without prejudice; Plaintiffs do not oppose her dismissal so long as they are permitted to amend their Complaint.  The other defendants do not oppose the dismissal of Defendant Toulouse Oliver.

**I.      Motion to Amend**

If a party is not entitled to amend a pleading under Fed. R. Civ. P. 15(a)(1)[2], "a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2).  Rule 15 instructs courts to "freely give leave [to amend] when justice so requires."  Id.  Nevertheless, denying leave to amend is justified if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith.  Foman v. Davis, 371 U.S. 178, 182 (1962); Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993).

In this instance, the Court finds that Plaintiffs should be allowed to amend their Complaint.  Plaintiffs are seeking to delete unnecessary factual allegations and are also withdrawing their claims for certain types of relief.  Sandoval County Defendants' argument that

---

[1]  This Court has previously set out the relevant background facts in detail in its Memorandum Opinion and Order ("MOO") Denying Defendants' Motion to Dismiss for Failure to Name Indispensable Parties, or in the Alternative, Motion to Require Plaintiffs to Join Necessary and Indispensable Parties ("Motion to Dismiss") filed August 21, 2013 **(Doc. No. 44)**.
[2]  Plaintiffs do not assert that they are entitled to amend their Complaint as a matter of course.

Plaintiffs' proposed amendments are futile is without merit. A proposed amendment is futile where it is subject to dismissal; here, Plaintiffs are deleting claims rather than adding them, therefore there are no new claims subject to dismissal. See Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investor's Servs., Inc., 175 F.3d 848, 859 (10th Cir.1999) ("A proposed amendment is futile if the amended complaint would be subject to dismissal."). Further, Plaintiffs' proposed amended complaint will streamline this matter, conserving the Court's and the parties' resources. Moreover, Sandoval County Defendants have not demonstrated that they will be prejudiced by allowing Plaintiffs to amend their Complaint. Accordingly, Plaintiffs' Motion to Amended is granted.

## II. Motion to Dismiss Defendant Toulouse Oliver

Plaintiffs did not oppose the dismissal of Defendant Toulouse Oliver so long as they were allowed to amend their Complaint. The Court has already granted the Motion to Amend. Further, Plaintiff's proposed Second Amended Complaint does not allege any claims against Defendant Toulouse Oliver. Given that all parties consent to dismissing Defendant Toulouse Oliver, the Court grants Defendant Toulouse Oliver's Motion to Dismiss.

**THEREFORE, IT IS ORDERED**, that Plaintiffs' Motion for Leave to File Second Amended Complaint **(Doc. No. 73)** is **GRANTED**,

**IT IS FURTHER ORDERED**, that Defendant Maggie Toulouse Oliver's Motion to Dismiss Without Prejudice **(Doc. No. 66)** is **GRANTED** and that all claims against Defendant Toulouse Oliver are dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE