IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERESA FLEMING, DAVID DOYLE,
and PAULA PAPPONI,

      Plaintiffs,

      v.                                          No. 13-CV-222 WJ/RHS

EDDIE GUTIERREZ, in his individual capacity;
SALLY PADILLA, in her individual capacity;
EILEEN GARBAGNI, in her official capacity;
DIANA DURAN, in her official capacity; and
SANDOVAL COUNTY BOARD OF
COMMISSIONERS,

      Defendants.

**MEMORANDUM OPINION AND ORDER DENYING IN PART MOTION FOR RECONSIDERATION,
GRANTING MOTION FOR RECONSIDERATION ON ISSUE OF STANDING FOR PLAINTIFF FLEMING
and
ORDER FOR SUPPLEMENTAL BRIEFING ON ISSUE OF STANDING FOR PLAINTIFFS DOYLE AND PAPPONI**

THIS MATTER comes before the Court upon the Sandoval County Defendants Motion to Reconsider Their Motion for Summary Judgment, filed September 4, 2014 (**Doc. 108**). Having reviewed the parties' briefs and applicable law, the Court finds that Defendants' motion is well-taken with regard to finding that Plaintiff Fleming had standing at the commencement of this lawsuit, but no longer has any personal interest in the case, and her participation in the case is therefore moot; the motion is denied on other issues except for whether Plaintiffs Doyle and Papponi have standing to pursue this lawsuit, and a ruling on this issue is deferred pending supplemental briefing by the parties.

## BACKGROUND

This case arises out of problems administering the 2012 general election in Rio Rancho, New Mexico, which resulted in Rio Rancho voters standing in excessively long lines waiting in some instances for more than five hours to exercise their right to vote on Election Day in November, 2012.  Plaintiffs sought declaratory and injunctive relief for violations of their constitutional and civil rights.  The Court held a hearing on Defendants' motion for summary judgment, and denied the motion.  *See* Doc. 104 (Mem.Op. & Order).  The Court also held another hearing on August 19, 2014 on the issue of whether Plaintiffs were entitled to a preliminary injunction.  *See* Docs. 105 and 109 (Clerk's Min. & Hrg. Transcript).  The Court has recently entered a Memorandum Opinion and Order granting Plaintiffs' request for a preliminary injunction (Doc. 111), which was followed by the Court's issuance of a Preliminary Injunction Order prohibiting Defendants from modifying the designation of polling places as listed in the 2013 Resolution of the Sandoval County Board of Commissioners ("Board").  Doc. 112.

At the August 2014 hearing on Plaintiffs' Motion for Injunction, Defendants raised the standing issue with regard to Ms. Fleming based on information that she had moved from Rio Rancho.  The Court allowed Defendants to conduct limited discovery regarding the whereabouts of Ms. Fleming in order to be able to file an appropriate motion.  *See* Transcript of Hearing, Doc. 109 at 258:14-18.[1]

---

[1] Plaintiffs take issue with Defendants' filing a motion to reconsider to address the standing issue instead of filing a motion to dismiss.  However, as Defendants note, because the Court is asked to consider facts outside the initial pleadings, a motion to dismiss is inappropriate.  Also, the Court is reluctant to stand on ceremony about what the proper motion would be.  The Court allowed Defendants to address the matter, and it is being addressed here. Further, the fact that Plaintiff Fleming's anticipated departure from New Mexico was probably known to Plaintiffs' counsel prior to the August 19, 2014 hearing, but defense counsel was not made aware of these changes is another reason the Court is not inclined to entertain quibbles about this issue.

**DISCUSSION**

A motion to reconsider is appropriate where a court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning, but of apprehension. *Huff v. UARCO, Inc.*, 925 F.Supp. 550, 561 (N.D.Ill. 1996). The bulk of Defendants' arguments fall into none of the categories justifying the Court's reconsideration on any of the issues presented. The Court will review these categories, and then address the one issue—the standing issue—which does merit a fresh look by the Court.

The Court notes that Defendants Diana Duran, Sally Padilla and the Sandoval County Board of County Commissioners have been dismissed as parties from this lawsuit. Thus, based on the current state of the pleadings, the motion to reconsider applies only to Defendants Eileen Garbagni and Eddie Gutierrez. *See* Doc. 111 at 1-2.

**I.      Mootness**

Defendants contend that the Court should reconsider its prior rulings rejecting their mootness arguments. However, Defendants offer no basis from which the Court could find that it misapprehended the issues or erred in its reasoning. They simply repeat the same arguments and facts and urge the Court to change its mind.

Defendants argued in their summary judgment motion, and here as well, that Plaintiffs did not demonstrate a good chance of being injured in the 2014 election. They argued that the Board's 2013 resolution rendered Plaintiffs' stated injuries moot, since the resolution required a certain number of voting sites and printers throughout Rio Rancho. The Court addressed the injury requirement issue as one of the first factors in the standing analysis. Based on the evidence presented on summary judgment, including deposition testimony, the Court shared Plaintiffs' concern that, despite Defendants' voluntarily steps taken to rectify the voting

resources situation, Defendants Garbagni and Gutierrez "still retain[ed] the discretion to reallocate the voting machines and printers up to and even on Election day.  Doc. 104 at 5.  As the Court discussed in its rulings, one exception to a claim of mootness is a "defendant's voluntary cessation of an alleged illegal practice which the defendant is free to resume at any time."  *Chihuahuan Grasslands Alliance v. Kempthorne*, 545 F.3d 884, 892 (10th Cir.2008); Doc. 104 at 3.  The Court found that there was "reasonable chance" that Defendants Garbagni and Gutierrez repeat the same conduct in not meeting the needs of Rio Rancho voters in the upcoming 2014 election,  Doc. 104 at 5, and thus determined that Plaintiffs' injuries were still redressable, and that they had standing to pursue the lawsuit.

The evidence presented at the hearing on Plaintiffs' motion for injunctive relief only reaffirmed the Court's conclusions.[2]  The current county clerk, Eileen Garbagni, and the Director of the county's Bureau of Elections, Eddie Gutierrez, reluctantly had to agree with the Board's findings in the 2013 resolution although Ms. Garbagni believed that everything went well (Doc. 111 at 14) and Mr. Gutierrez felt that the Clerk's office had done a "good job" (Doc. 111 at 13).  From their testimony, the Court realized that these individuals were resistant to any intimation that there were problems that needed to be addressed, lacked any insight into the causes of the 2012 voting night disaster in Rio Rancho, and what is more—promised more of the same in the next election.  Doc. 111 at 17-18.  These same individuals will be in charge for the upcoming election in 2014.[3]  Based on that evidence, the Court refused to simply sit back and "trust"

---

[2] While the Court must consider this motion in the limited context of the facts and arguments raised in the motion for summary judgment, the Court cannot help but note that the additional evidence presented at the hearing on Plaintiff's motion for injunction only reinforced the basis for its rulings made at summary judgment.  Thus, the Court offers references to this additional evidence solely to emphasize that the Court's findings have been bolstered, rather than give the Court cause to reconsider any of these rulings.

[3]  Defendants claim that Plaintiffs have for the first time raised the exception to mootness based on "capable of repetition, yet evading review."  While Plaintiffs did not technically argue this exception, at the core of their request for injunctive relief was their concern that the fiasco would be repeated, "[g]iven the possibility that the number and location of voting convenience centers may change. . . " and that "Sandoval County retains its ordinary discretion to

4

Defendants to fix the problem on their own, finding that Plaintiffs had shown there was a "reasonable likelihood" that the problems would continue. Doc. 111 at 17. In their motion to reconsider, Defendants present no factual or legal basis that persuades the Court that it misapplied the facts, misconstrued the arguments or misheard any testimony. Therefore, the Court will not reconsider its rulings related to mootness on these issues.

## II.     Section 1983 Claim

Defendants also reargue that Plaintiffs have failed to state a claim for voting rights under 42 U.S.C. §1983 because Defendants acts were merely negligent. Defendants continue to argue that Plaintiffs cannot allege a §1983 claim because they did not *intend* to violate Plaintiffs' constitutional rights. At the time the Court first addressed this issue, the Court was well aware of the relevant law and the kind of conduct that could form the basis for a §1983 claim. The law has not changed since then, and neither have the facts. The Court denies Defendants' motion to reconsider on this issue, and the Court's ruling on Defendants' summary judgment motion shall remain unmodified.

## III.    Standing of Plaintiffs

The one issue that the Court will reconsider and address here is Defendants' challenge to the standing of Plaintiffs, particularly with regard to Ms. Fleming, in light of what Defendants allege is her move from Rio Rancho, New Mexico to Chandler, Arizona. Defendants' concern on this issue is a comparatively new development which first came to light when Defendants tried to serve Ms. Fleming with a subpoena for the August 19, 2014 hearing on the motion for summary judgment and Plaintiffs' request for a preliminary injunction. Thus, this is not an issue that Plaintiffs could have raised in the summary judgment pleadings.

---

change the number of voting locations and of printers and other equipment in those locations up until the time of the election." Doc. 79 at 11.

A.     Legal Standard

The Court agrees with Plaintiffs' presentation of the law on this question in that although Defendants frame their argument as an attack on Ms. Fleming's standing, the issue is more of a mootness argument. Standing is determined "as of the commencement of suit. . . ." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 570 n.5 (1992); *Nova Health Systems v. Gandy,* 416 F.3d 1149, 1154-55 (10th Cir. 2005) (except for mootness, standing is determined "as of the filing of the complaint").[4] There is no question but that Ms. Fleming satisfied the jurisdictional requirements of standing at the commencement of this lawsuit because the Court has already determined that she and the other plaintiffs suffered an "injury in fact" sufficient to confer jurisdiction over their claims. However, in order to continue to pursue her action in federal court, Ms. Fleming must be able to establish that she has suffered an "injury in fact" throughout the entire course of the litigation. This "time element of standing comes under the rubric of mootness doctrine." *Alexander v. Yale Univ.,* 631 F.2d 178, 183 (2d Cir. 1980). Thus, what Defendants argue now is that Plaintiff Fleming has lost her standing, meaning the case is moot as to her claims. *See Brown v. Phila. Hous. Auth.,* 350 F.3d 338, 343 (3d Cor. 2003) (doctrine of mootness requires that "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed"); *Johnson v. Bd. of Regents,* 263 F.3d 1234, 1267 (11th Cir. 2001) (party's standing to sue is generally measured at time of complaint, with effect of subsequent events generally analyzed under mootness principles").

B.     Whether This Case Is Moot With Regard To Plaintiff Fleming

Plaintiffs contend that they all maintain standing in this case. With regard to Plaintiff Fleming, however, the Court disagrees with this position. According to her answers to

---

[4] As Plaintiffs note in their response, Defendants' reliance on *Power River Basin Res. Council v. Babbitt,* 54 F.3d 1477, 1484-85 (10th Cir. 1995) for the proposition that Ms. Fleming has lost *standing* at this point is misplaced. In *Nova Health Systems v. Gandy,* the Tenth Circuit criticized *Powder River* for using "standing" terminology in addressing what "was really a mootness question." 416 F.3d 1149, n.5. (10th Cir. 2005).

interrogatories which Defendants recently propounded (Defts' Ex. A), Ms. Fleming now resides in Arizona and states the following: (1) she and her husband listed their house in Rio Rancho on the market in late 2013, received an offer for purchase about May 2014 and closed on August 26, 2014, one week after the hearing on Plaintiffs' Motion for Injunction; (2) they are currently located in Chandler, Arizona and began renting an apartment in Chandler since July 1, 2014; (3) Neither Ms. Fleming nor her husband has obtained new employment outside of Rio Rancho since March 14, 2014; (4) she has been having her mail forwarded to the Chandler address by the United States Postal Service. Plaintiff Fleming also states that she is currently a registered voter in Sandoval County, New Mexico and "hopes to vote in the 2014 General Election." Defts' Ex. A at 2.

Plaintiffs' attempts to dodge the central question—which is whether Ms. Fleming has moved away from New Mexico permanently—is unavailing. The Court acknowledges that Ms. Fleming may well still be a registered voter in Sandoval County, but this may be attributed to the fact that she has not yet changed her voter registration status in Chandler. The fact that she has no job in Chandler is also not dispositive of where her residence is located; Ms. Fleming could be retired, not planning to find another job, or simply has not done so yet. However, it is clear to the Court that Ms. Fleming no longer lives in Rio Rancho, and there is every indication that, whether or not she "hopes" to vote in the 2014 General Election, she will be not doing so in Sandoval County. There is also no reason to believe she will ever return to Sandoval County to vote in another election. The Court agrees with Defendants that Ms. Fleming no longer has a personal stake in the outcome of this case. *See Gollust v. Mendell,* 501 U.S. 115, 126 (1991) (plaintiff must "maintain a 'personal stake' in the outcome of the litigation throughout its course"). Therefore, Ms. Fleming has lost standing in this lawsuit, and the claims asserted by her have become moot.

B.    Whether Other Plaintiffs Still Have Standing, or Whether Claims Have Become Moot

The bulk of the arguments submitted by parties on the issue of standing relates to Plaintiff Fleming, with very little argument related to Plaintiffs Doyle and Papponi. If these two individuals lack standing at this point in the lawsuit, the Court will not have jurisdiction over this case. Since much rides on the standing status of Plaintiffs Doyle and Papponi, the Court hereby orders **supplemental briefing** on the issues of whether these two Plaintiffs have standing, and will be limited to **fifteen (15) pages,** and to be filed by each party **ten (10) days from the entry of this Order.** The briefs shall rely on relevant case law, the allegations asserted by these Plaintiffs and any pertinent testimony by these individuals at the August 19, 2014 hearing.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Reconsider Their Motion for Summary Judgment **(Doc. 108)** is hereby:

(1) GRANTED with regard to finding that Plaintiff Fleming had standing at the commencement of this lawsuit, but no longer has any personal interest in the case, and her participation in the case is therefore moot; and

(2) DENIED on other issues except for whether Plaintiffs Doyle and Papponi have standing to pursue this lawsuit, and a ruling on this issue is deferred pending supplemental briefing by the parties, as ordered in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE