IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERESA FLEMING, DAVID DOYLE,
and PAULA PAPPONI,

      Plaintiffs,

    v.                                                                                  No. 13-CV-222 WJ/RHS

EDDIE GUTIERREZ, in his individual capacity;
SALLY PADILLA, in her individual capacity;
EILEEN GARBAGNI,
in her official capacity; DIANA DURAN,
in her official capacity; and
SANDOVAL COUNTY BOARD
OF COMMISSIONERS,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION TO DISMISS PRELIMINARY INJUNCTION**

THIS MATTER comes before the Court upon Plaintiffs' Motion to Dismiss Preliminary Injunction, filed November 12, 2014 **(Doc. 128)**. Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiffs' motion is not well-taken and, accordingly, is DENIED.

On September 12, 2014, the Court entered a Preliminary Injunction Order ordering Defendants Gutierrez and Garbagni to comply with certain requirements with regard to the 2014 General Election in Sandoval County. *See* Doc. 112. The Order applied to the parties through the election on November 4, 2014, at which point, the Court noted it would inquire whether further matters pending in the case precluded the dismissal and closure of the injunction. Plaintiff contends that the general election has passed and that further matters pending in the case do not preclude the Court from dissolving the injunction.

The "further matters" referred to by Plaintiffs is the interlocutory appeal filed by Defendants on October 9, 2014. After filing the appeal, Defendants filed a motion to vacate the Court's injunction on an expedited basis, which the Tenth Circuit denied, and instead on October 10, 2014 set a briefing schedule for the parties to address the merits of whether the Tenth Circuit has jurisdiction over an interlocutory appeal as to this Court's denial of Defendant's motion to reconsider the ruling on their motion for summary judgment on the issue of Plaintiffs' standing. On November 10, 2014, Plaintiffs filed a motion to dismiss the case, which is now pending on appeal, and which the Tenth Circuit will consider along with the merits.

Despite the pending appeal, Plaintiffs request that this Court dissolve the Preliminary Injunction, contending that the matters on appeal do not work to alter the terms of the injunction, which was set to apply to the parties only through November 4, 2014. Plaintiffs insist that the Court has the power to dissolve the injunction as it finds necessary, relying on Fed.R.Civ.P. 62, which authorizes a district court that has granted or denied a preliminary injunction to stay its decision or grant other interim relief pending appeal. Plaintiffs essentially argue that the injunction has served its purpose and can now be dissolved on its own terms, despite the appeal because any relief Defendants seek on appeal has been foreclosed. Defendants argue that Plaintiffs' motion invites the Court to exceed its authority and intrude on the jurisdiction of the Tenth Circuit Court of Appeals. *See e.g., Stewart v. Donges,* 915 F.2d 572, 575 (10th Cir. 1990) (filing of a notice of appeal divests district court of jurisdiction, including interlocutory appeal); *Garcia v. Burlington Northern R.R. Co*., 818 F.2d 713, 721 (10th Cir.1987) (same).

The Court agrees with Defendants. While the mechanics of the injunction may have served its purpose, the substantive questions are still on appeal, including whether Plaintiffs had standing to request an injunction in the first place. The Tenth Circuit has not yet addressed the

merits on this issue and others, which Defendants have raised in the interlocutory appeal, including whether this Court had jurisdiction to impose the injunction. What is at stake here is a potentially considerable award of attorney's fees. Should the Tenth Circuit reject Defendants' arguments on appeal, the case would return to the District Court and there would be clear authority for the Court to dissolve the injunction, issue a final judgment and proceed to address the issue of attorney's fees. If, on the other hand, the Tenth Circuit favors Defendants on the merits and finds that Plaintiffs lacked standing to pursue their §1983 claim for deprivation of voting rights in violation of the Equal Protection Clause, then the injunction was not properly issued, and Plaintiffs cannot be considered prevailing parties. In other words, Plaintiffs' entitlement to attorney's fees rises and falls with the Tenth Circuit's decision on the issues pending on appeal and specifically on the question of standing. Until the Tenth Circuit reaches its decision on the pending appeal, this Court has no authority to dissolve the injunction.

Plaintiffs' reliance on Rule 62(c) is misplaced. There is nothing to stay; the election is over. There is no other relief the Court can grant at this point, since the very relief Plaintiffs request is a matter to be decided by the Tenth Circuit. Plaintiffs also contend that this Court has jurisdiction to dissolve the injunction as a collateral matter. *See Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir.1998) (general rule is that, when a litigant files a notice of appeal, the district court loses jurisdiction over the case, save for "collateral matters not involved in the appeal"). Whether this Court had jurisdiction to impose the Preliminary Injunction is not a collateral matter at all—it is the lifeblood of the injunction. Accordingly, this Court does not have jurisdiction to consider Plaintiffs' Motion to Dismiss Preliminary Injunction **(Doc. 128)** and for this reason, it is DENIED.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE