IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERESA FLEMING, DAVID DOYLE,
and PAULA PAPPONI,

        Plaintiffs,

V.                                            Case No. 13-CV-222 WJ/RHS

EDDIE GUTIERREZ, in his individual
capacity; SALLY PADILLA, in her
individual capacity; EILEEN GARBAGNI,
in her official capacity; DIANA DURAN,
in her official capacity; and
SANDOVAL COUNTY
BOARD OF COMMISSIONERS,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO AMEND OR CLARIFY THE JUDGMENT, OR IN THE ALTERNATIVE, FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL

THIS MATTER comes before the Court upon Plaintiffs' Motion to Amend or Clarify the Judgment, or in the Alternative, for Extension of Time To File Notice of Appeal, filed August 17, 2015 **(Doc. 151)**.  Because of the time-sensitive nature of Plaintiffs' request, and also because of the basis for the Court's rulings here, no response is necessary.  Having reviewed the parties' briefs and applicable law, I find that Plaintiff's motion has merit and shall be granted.[1]

Plaintiffs request an extension of time for filing a notice of appeal from the judgment pursuant to Fed.R.App.P. 4(a)(5) to allow sufficient time to complete the mediation scheduled for August 26, 2016, which Plaintiffs note may provide additional grounds for mooting any appeal.  Plaintiffs also ask the Court to amend or clarify the judgment in order to make it clear

---

[1] It is not clear why Plaintiffs seek relief in the alternative, since regardless of whether the judgment is amended, the mediation will occur after the current deadline for appeal expires.  For this reason, the Court considers both types of relief requested by Plaintiffs.

that the preliminary judgment that was granted in this case has not been vacated.  Defendants' counsel does not oppose an extension of time for an appeal, but does oppose any further clarification of the judgment.

Plaintiffs' motion provides a detailed procedural background for the case.  *See* Doc. 151 at 1-2.  The Court finds that an extension of time should be granted because it is not opposed and because it is a timely request under Fed.R.App.P. 4(a)(5).  However, while Defendants oppose any modification of the judgment that was entered on July 21, 2015 (Doc. 146), the Court finds that such modification is legally sound.

The Court has the authority to alter, amend, correct, or clarify the judgment on a motion filed within 28 days of the judgment pursuant to Fed. R. Civ. P. 59(e) or 60(a). Rule 59(e) provides grounds for altering or amending a judgment to correct a clear legal error or prevent manifest injustice, *see Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000), and for other lawful reasons, including "the purely clerical task of incorporating" earlier rulings into the judgment, *see Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111-12 (9th Cir. 2011), and preventing "unnecessary burdens being placed on the courts of appeals" by clarifying the record before the time for filing an appeal expires, *United States v. Ibarra*, 502 U.S. 1, 5 (1991).  Rule 60(a) similarly provides the Court with authority to "correct a clerical mistake or a mistake arising from oversight or omission," in order to conform the language in the judgment to the Court's original intent or its necessary implications. *See Garamendi v. Henin*, 683 F.3d 1069, 1077-80 (9th Cir. 2012); *see also McNickle v. Bankers Life and Cs. Co.,* 888 F.2d 678, 680(10th Cir. 1989).

The Rule 58 Judgment that was entered on July 21, 2015 states that "no issues remain except for the matter of attorney's fees for Plaintiff's counsel."  Doc. 146.  Plaintiffs were

granted a preliminary injunction in this case, Doc. 111, and are concerned that without some clarification or amendment of the judgment, the phrase "dismissed on its merits " would allow Defendants to preclude Plaintiffs from obtaining "prevailing party" status for purposes of a fee petition. or an appeal by misinterpreting the Rule 58 Judgment.  The Court reaffirmed its grant of a preliminary injunction when it denied Defendants' motion for reconsideration in a Memorandum Opinion and Order (Doc. 122).  The Court again confirmed that ruling when Defendants moved to dissolve the appeal after the election.  Doc. 133.  Throughout this litigation, this Court has stood by its conclusion that the injunction was properly issued and could provide a basis for an award of attorney fees if Defendants lost on appeal. Doc. 133.  While the record is clear that, should the injunction stand on appeal, Plaintiffs would be the "prevailing party," it will not prejudice Defendants to modify the Judgment in order to have it reflect more accurately the Court's ruling in this case, and the Court shall do so pursuant to Rule 60(a), which allows the Court to correct clerical mistakes in judgments at any time on its own initiative or after notice by any party.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion to Amend or Clarify the Judgment, or in the Alternative, for Extension of Time To File Notice of Appeal, filed August 17, 2015 **(Doc. 151)** is hereby GRANTED in that (1) the time to appeal is extended for **thirty (30) days** past the original deadline; and (2) the Rule 58 Judgment shall be amended to more accurately reflect the Court's ruling in this case regarding the preliminary injunction.   A separate Amended Rule 58 Judgment shall issue separately.

_____
UNITED STATES DISTRICT JUDGE